UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BROWN,

    Petitioner,

v.

                                                    Case No. 24-cv-11584
                                                    Hon. Matthew F. Leitman

RANDEE REWERTS,

    Respondent.

_____/

**ORDER (1) GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE (ECF No. 5) AND (2) STAYING CASE PENDING EXHAUSTION OF STATE REMEDIES**

Petitioner John Brown is a state prisoner in the custody of the Michigan Department of Corrections. On June 18, 2024, Brown filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) Brown has also filed a motion to hold the petition in abeyance so that he can return to the state courts to present an additional claim that has not been exhausted and that is not included in his current habeas petition. (*See* Mot., ECF No. 5.) More specifically, Brown says that he has newly discovered evidence that the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*See id.*)

1

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. §§ 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Walker v. Martin*, 562 U.S. 307, 315 (2011).  However, the dismissal of a pending habeas petition while a petitioner pursues state remedies for unexhausted claims could result in the subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid that time-bar, a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).   After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *See id*. at 275-76.

The Court concludes that Brown is entitled to such a stay here.  A stay is warranted because it will enable Brown to exhaust his state-court remedies for all of his claims without fear of violating the rule on second or successive petitions or the statute of limitations.

The Court notes that Brown has already filed a post-conviction motion for relief from judgment in state court.  Under Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F. App'x

414, 418 (6th Cir. 2005). However, Michigan Court Rule 6.502(G)(2) provides that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or based on a claim of new evidence that was not discovered before the first such motion. *See id*. Here, Brown alleges that his claim is based on newly discovered evidence. "Because it is at least debatable whether the Michigan courts would entertain this claim on a second or successive motion for state postconviction relief," *id.,* it is not clear that Brown's state-court motion would be procedurally barred. The Court will therefore grant a stay of proceedings in this case so that Brown may return to state court and attempt to exhaust his claim in a second motion for relief from judgment. *See id.* at 419-20.

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** that Brown's motion to hold the petition in abeyance while he pursues state remedies (ECF No. 5) is **GRANTED**. This stay is conditioned upon Brown presenting his unexhausted claim to the state courts by filing a motion for relief from judgment in state trial court by no later than **September 30, 2024**. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Brown's motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id.*

The stay is further conditioned on Brown's return to this Court, with a motion to reinstate and amend the petition, using the same caption and case number included at the top of this order, within **90 days** of fully exhausting his state court remedies. If Brown fails to comply with any of the conditions described in this order, the Court will rule only on his currently exhausted claims.[1] *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). Nothing in this order or the related docket entry shall be construed as an adjudication of any of Brown's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 24, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 24, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126

---

[1] The Court notes that Brown's habeas petition is deficient because he failed to pay the $5.00 filing fee or submit an application to proceed *in forma pauperis*. *See Gravitt v. Tyszkiewicz,* 14 F. App'x 348, 349 (6th Cir. 2001). When Brown returns to this Court after exhausting his claim in the state courts, he will be required to either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* at that time.

4