UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BROWN,

      Petitioner,

v.

BRYAN MORRISON,

      Respondent.

Civil No. 24-cv-11584
Hon. Matthew F. Leitman

_____/

## ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS (ECF No. 19), (2) DISMISSING PETITION AND SUPPLEMENTAL PETITION FOR A WRIT OF HABEAS CORPUS (ECF Nos. 1, 16), (3) DENYING A CERTIFICATE OF APPEALABILITY, AND (4) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner John Brown is a state inmate in the custody of the Michigan Department of Corrections.  In 2024, Brown filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1; Supp. Pet., ECF No. 16.)  In his petition, Brown seeks relief from his state-court convictions of armed robbery, Mich. Comp. Laws § 750.529, and assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84. (*See id.*)

On December 15, 2025, Respondent filed a motion to dismiss the petition on the ground that it was not timely filed. (*See* Mot., ECF No. 19.)  Brown concedes that he did not file his petition on time, but he says that the Court should excuse that failure and equitably toll the limitations period because he recently received

1

exculpatory evidence that, he contends, establishes his innocence. (*See* Pet., ECF No. 1, PageID.14-15; Supp. Pet., ECF No. 16.) For the reasons explained below, Brown has not persuaded that the Court that he is entitled to equitable tolling. The Court therefore **GRANTS** Respondent's motion and **DISMISSES** Brown's petition.

## I

## A

Brown's convictions arose out of his attempted robbery of a Dairy Queen restaurant in Detroit, Michigan which resulted in the victim shooting and wounding Brown. The Michigan Court of Appeals described the relevant facts as follows:

> Defendant brutally assaulted and attempted to rob a 72 year-old businessman. The victim owns and operates a Dairy Queen in Detroit, and as he closed the store late at night, defendant attacked and beat him. Defendant tackled the victim, began beating him with his fists and a metal object, and demanded money. However, the victim was armed, and shot defendant twice. Wounded, defendant stopped beating the victim and fled on foot.
>
> The victim called the police immediately after the incident. Approximately 10 minutes later, officers received information of a shooting approximately one block north of the victim's Dairy Queen. When the police responded to this second call, they found defendant, who had bullet wounds in his leg and chest, lying on the front porch of a house. Defendant claimed he had been shot while taking out his garbage—despite the fact that it was very late at night and not the scheduled day for garbage collection. The police found no evidence of a shooting near the home, nor did they find any evidence that defendant was actually taking out his garbage.

> Accordingly, the police suspected defendant committed the assault and attempted robbery at the Dairy Queen. Officers took him into custody at the hospital, where he remained in critical condition. Because of defendant's hospital stay, the police presented the victim with a photographic lineup, and the victim confidently identified defendant as his assailant.
>
> Thereafter, the prosecution charged defendant with: (1) armed robbery, MCL 750.529; (2) assault to do great bodily harm less than murder, MCL 750.84; (3) felon in possession of a firearm, MCL 750.224f; and (4) two counts of felony-firearm, MCL 750.227b. Defendant elected to have a jury trial, and the Wayne Circuit Court empanelled a jury to hear his case. After it heard testimony from the victim and numerous police officers, the jury convicted defendant of armed robbery and assault to do great bodily harm, but acquitted defendant of the firearm-related charges.

*People v. Brown*, No. 318675, 2015 WL 3757522, at *1 (Mich. Ct. App. June 16, 2015) (internal footnote omitted). Following his convictions, the state trial court sentenced Brown to 30-to-45 years in prison on the armed robbery conviction and 5-to-10 years in custody on the assault conviction. (*See* 10/09/2013 Sent. Hr'g Tr., ECF No. 20-6.)

Brown appealed his convictions and sentence. The state appellate courts repeatedly affirmed Brown's convictions, but they twice ordered the state court to re-sentence him. *See Brown*, 2015 WL 3757522, at *6; *People v. Brown*, 875 N.W.2d 220 (Mich. Mar. 8, 2016); *People v. Brown*, No. 334498, 2017 WL 6061175 (Mich. Ct. App. Dec. 7, 2017), *lv. denied* 910 N.W.2d 289 (Mich. 2018). Ultimately,

on a second remand from the Michigan Court of Appeals, the state trial court imposed a sentence of 20-to-40 years in prison on the armed robbery conviction and 5-to-10 years in prison on the assault conviction. The Michigan Court of Appeals affirmed that sentence, and the Michigan Supreme Court denied leave to appeal on March 27, 2020. *See People v. Brown*, No. 345399, 2019 WL 5288124 (Mich. Ct. App. Oct. 17, 2019), *lv. denied* 940 N.W.2d 103 (Mich. Mar. 27, 2020).

On October 7, 2022, Brown filed a post-conviction motion for relief from judgment with the state trial court. (*See* St. Ct. Mot., ECF No. 20-10.) The court denied that motion on June 12, 2023. (*See* St. Ct. Op. and Order, ECF No. 20-12.) On June 14, 2023, Brown filed a motion for DNA testing in the trial court. The court denied that motion as well. (*See* St. Ct. Order, ECF No. 20-15.) Brown then filed a delayed application for leave to appeal the denials of both his motion for relief from judgment and his motion for DNA testing in the Michigan Court of Appeals. That court denied the application, and the Michigan Supreme Court denied leave to appeal. *See People v. Brown*, No. 368374 (Mich. Ct. App. Feb. 26, 2024), *lv. denied* 6 N.W.3d 386 (Mich. 2024).

**B**

On June 12, 2024, Brown filed his petition for a writ of habeas corpus in this Court.[1] (*See* Pet., ECF No. 1.)  The petition was then held in abeyance so that Brown could return to state court and file a second post-conviction motion for relief from judgment. (*See* Order, ECF No. 6.)

Brown filed his second post-conviction motion for relief from judgment in the state trial court on August 21, 2024. (*See* St. Ct. Mot., ECF No. 20-17.)  On October 30, 2024, the court denied the motion. (*See* St. Ct. Order, ECF No. 20-18.)  The Michigan Court of Appeals and Michigan Supreme Court both denied Brown leave to appeal. *See People v. Brown* No. 373284 (Mich. Ct. App. Mar. 18, 2025), *lv. denied* 21 N.W.3d 888 (Mich. June 27, 2025).

This Court then re-opened Brown's case and allowed him to file a supplemental petition. (*See* Supp. Pet., ECF No. 16; Order, ECF No. 17.) Respondent then filed a motion to dismiss on December 18, 2025. (*See* Mot., ECF No. 19.)  In that motion, Respondent contends that because Brown filed his habeas petition "*nearly three years* after the statute of limitations expired," the petition is untimely and should be dismissed. (*Id.*, PageID.147; emphasis in original.)

---

[1] For purposes of calculating the statute of limitations, the Court considers the petition filed on June 12, 2024, the date it was postmarked, rather than the date it was actually filed with the Court. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Respondent further argues that Brown "has failed to demonstrate that extraordinary circumstances justify equitable tolling" of the statute of limitations. (*Id.*)

The Court has reviewed Brown's petition and supplemental petition, Respondent's motion, and Brown's response to the motion, and it is now set to rule on the motion and Brown's request for habeas relief.

## II

### A

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) ("AEDPA"), imposes a one-year deadline for state prisoners to file a federal habeas corpus petition. *See Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609-610 (6th Cir. 2020) (explaining that "§ 2244(d)(1) imposes a one-year period of limitation for a state prisoner to file an application in federal court for a writ of habeas corpus"). The one-year limitation period ordinarily runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

6

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Although not jurisdictional, AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009).

**B**

Here, Brown's petition was not timely filed.  Brown's final direct appeal ended when the Michigan Supreme Court denied him leave to appeal on March 27, 2020, following his third appeal of right with the Michigan Court of Appeals.  Under the temporary rules in place during the COVID-19 pandemic, Brown then had 150 days to seek *certiorari* in the United States Supreme Court.  *See Rules of the Supreme Court of the United States-Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19],* 334 F.R.D. 801 (2020).  He did not.  AEPDA's one-year statute of limitations therefore began to run on August 24, 2020, when the 150-day period expired. Brown then had until August 24, 2021, to timely file his habeas petition with this Court.  But Brown did not file his petition until June 12, 2024, nearly three years after AEPDA's limitations period expired.  Notably, Brown

7

himself concedes that his petition was not timely filed. (*See* Pet., ECF No. 1, PageID.14-15.)  For all of these reasons, Brown's petition is untimely and must be dismissed.

**C**

**1**

Even though Brown acknowledges that he did not file his petition within AEDPA's one-year statute of limitations, he nonetheless asks the Court to "allow [his] late timeliness petition to proceed through." (*Id.*, PageID.15.)  Brown explains that he could not have filed his petition any earlier than he did because he only recently "received reliable information" that "can prove that [he was] not the one who committed this crime." (*Id.*, PageID.14.)  More specifically, Brown says that based on information that he received from the Michigan Innocence Clinic, he "wrote [to] the hospital" where he was taken after his arrest "and asked [the hospital] to send [him his] medical records." (*Id.*)  Brown insists that those medical records establish that "what [he] was wearing [on the night of the robbery was] completely different than what the victim said [Brown] had on." (*Id.*, PageID.15.)  Brown says that this evidence proves that he is "innocent of this crime" and that the prosecutors "kept this information from [Brown] and never disclosed it to [Brown's] attorney." (*Id.*)

8

**2**

The Court construes Brown's request that the Court "allow [his] late" petition to "proceed through" as a request for equitable tolling of AEDPA's statute of limitations.[2]  That limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts."  *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  The burden is on a habeas petitioner to show that he is entitled to equitable tolling of the one-year limitations period. *See id*.

**3**

Brown is not entitled to equitable tolling because he has not persuaded the Court that he was pursuing his rights diligently.  As explained above, Brown seeks

---

[2] Because Brown concedes that his petition was "late" and not timely filed, the Court does not understand Brown to be contending that his habeas petition is timely under 28 U.S.C. § 2244(d)(1)(D).  Under that provision, a habeas petition is timely if it was filed within one year of "the date on which the factual predicate of the claim or claims could have been presented through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  But even if Brown was attempting to proceed under that provision, he would still not be entitled to relief because, for all of the reasons explained above, he has not shown that he acted with "due diligence" with respect to the newly-discovered evidence he relies upon.

to rely on newly-obtained medical records from the time that he spent at the Detroit Medical Center following his arrest on May 14, 2013. (*See* Supp. Pet., ECF No. 16, PageID.80.)  But Brown did not seek to obtain the records for over a decade.  And he has not provided any reason or explanation as to why he did not attempt to acquire his medical records prior to AEDPA's statute of limitations expiring.  Nor has he shown that he could not have obtained the records within the limitations period – by simply making a request for the records, as he did when he recently obtained them. Indeed, Brown says that when he recently "wrote [to] the hospital" and asked the hospital "to send [him his] medical records," the hospital provided the records to him. (Pet., ECF No. 1, PageID.14.)  Because Brown has not shown that he could not have obtained the records years earlier through the exercise of reasonable diligence, Brown is not entitled to equitable tolling.

Brown counters that he "told [his] attorney to investigate" the clothing and medical records issues "before [Brown] went to trial," but counsel chose "to ignore the matter and do nothing." (*Id.*, PageID.15.)  Brown says that "[i]t took [him] almost ten and a half years to find out what [he] told [his] attorney to do long ago." (*Id.*) But Brown has not persuaded the Court that any failure by his trial counsel entitles him to equitable tolling under these circumstances.  Even if, as Brown claims, his trial counsel did not try to obtain Brown's hospital records as Brown requested, Brown has not explained why he could not have requested the records himself

10

before, during, or after his trial – just as he recently did.  Simply put, Brown has not shown that he was prevented from requesting or obtaining his medical records himself before AEDPA's statute of limitations expired.  He therefore is not entitled to equitable tolling.

**4**

Finally, to the extent that Brown claims that he is entitled to equitable tolling because the new evidence that he discovered establishes his actual innocence, the Court disagrees.

"A credible showing of actual innocence may allow a prisoner to pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief" such as AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But "tenable actual-innocence gateway pleas are rare[.]" *Id.* at 386.  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Brown has failed to meet that demanding standing here.  The evidence of Brown's guilt at trial was strong.  The victim of the attempted robbery shot the perpetrator twice, and Brown was found near the scene shortly after the crime with two fresh bullet wounds and no credible explanation as to how he came to be shot.

11

Moreover, the victim identified Brown during a photographic lineup and at trial. Brown insists that notwithstanding that evidence, his newly-obtained medical records establish his innocence. He says that while the victim described the perpetrator as wearing "a zip up hooded garment that had two colors, perhaps a reversible color, one color on the outside and maybe a reversible type color" (ECF No. 20-4, PageID.437-438), his hospital records show that he was wearing a "gray jacket." And he says that that discrepancy proves that he was not the person who committed the robbery. But the victim's testimony was not entirely inconsistent with Brown's medical records. Indeed, the victim described to police that the assailant was wearing a "charcoal black" or "gray black" clothing. (*Id.*, PageID.484.) Much more importantly, the victim testified that he was face-to-face with the attacker during the robbery, and he identified Brown as that attacker at trial. (*See id.*, PageID.436-437.)

In light of the significant evidence of Brown's guilt, and the relatively slight discrepancy between the victim's description of the assailant's jacket, the Court cannot say that no reasonable juror would have convicted Brown at trial. Brown is therefore not entitled to equitable tolling based on his claimed actual innocence. *See Bell v. Howes*, 701 F. App'x 408, 412 (6th Cir. 2017) (minimally persuasive evidence of habeas petitioner's actual innocence did not toll limitations period).

**D**

For all of these reasons, Brown's petition is untimely, and he has not shown an entitlement to equitable tolling of the statute of limitations.  The Court therefore **GRANTS** Respondent's motion to dismiss and **DISMISSES** Brown's petition.

**III**

Before Brown may appeal the Court's decision, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner stated a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court **DENIES** Brown a certificate of appealability because reasonable jurists would not find it debatable whether the Court was correct in its determination that Brown filed his habeas petition outside of the one-year limitations period.

Although the Court declines to issue Brown a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). A court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id*. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). Although jurists of reason would not debate this Court's resolution of Brown's claims, an appeal could be taken in good faith. Therefore, Brown may proceed *in forma pauperis* on appeal.

## IV

For the reasons set forth above, **IT IS HEREBY ORDERED** that (1) Respondent's motion to dismiss (ECF No. 19) is **GRANTED**, (2) Brown's petition and supplemental petition for a writ of habeas corpus (ECF Nos. 1, 16) are **DISMISSED**, (3) Brown is **DENIED** a certificate of appealability, and (4) Brown is **GRANTED** leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 21, 2026

14

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 21, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126o